UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Judge Hellerstein*

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

21 MC 102 (AKH)

ANGELA BUCK,

**08 CV 3135**

Plaintiff,

08 Civ.

Hon. Alvin K. Hellerstein, U.S.D.J.

-against-

THE CITY OF NEW YORK,

NOTICE OF REMOVAL

Defendant.

MAR 27 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**PLEASE TAKE NOTICE** that THE CITY OF NEW YORK ("Defendant") hereby removes the above-entitled action (the "Action") from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441, § 1446(a), § 1446(b) and the Air Transportation Safety and System Stabilization Act, Public Law No. 107-42, § 401 *et seq.*, 115 Stat. 230 (2001) (the "ATSSSA") (codified as amended at 49 U.S.C. §40101 (2001)).

In support of this Notice of Removal, Defendant states:

1. On or about November 23, 2007, Plaintiff(s) filed a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York. Plaintiff(s) assert claims resulting from, relating to, and arising out of the terrorist-related aircraft crashes of September 11, 2001. A true copy of the Summons and Verified Complaint is attached to this Notice of Removal.

2. On or about February 28, 2008, Defendant received the Summons and Verified

Complaint in this Action bearing Index Number 07115694.

3. Because these claims arise out of Plaintiff(s)' alleged injuries resulting from, relating to, and arising out of the September 11, 2001 terrorist-related aircraft crashes, the United States District Court for the Southern District of New York has original and exclusive jurisdiction over the Action. Specifically in response to the tragic events of September 11, 2001, Congress enacted the ATSSSA on September 22, 2001, which created a comprehensive scheme addressing numerous matters resulting from the attacks. Section 408(b) of the ATSSSA contains a broad jurisdictional provision centralizing in the Southern District of New York the resolution of any litigation claims resulting from or relating to the events of September 11, 2001:

> The United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001.

Pub. L. No. 107-42, § 408(b)(3), 115 Stat. 230, 241 (2001).

4. In addition, Section 408(b)(1) of the ATSSSA creates a federal cause of action over which this Court has original jurisdiction. It provides:

> There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001. Notwithstanding section 40120(c) of title 49, United States Code, this cause of action shall be the exclusive remedy for damages arising out of the hijacking and subsequent crashes of such flights.

Pub. L. No. 107-42, § 408(b)(1), 115 Stat. 230, 240-241 (2001).

5. Furthermore, In *In re: WTC Disaster Site*, the United States Court of Appeals for the Second Circuit conclusively recognized the original and exclusive jurisdiction in the Southern District of New York for claims relating to the terrorist-related aircraft crashes of September 11,

2001. *See In re: WTC Disaster Site,* 414 F.3d 352, 375–380 (2d Cir. 2005).

6. Based on the foregoing, the Action is removable from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441.

7. Defendant's Notice of Removal is timely as the Notice of Removal will be filed within thirty days of Defendant's receipt of the Summons and Verified Complaint. *See* 28 U.S.C. §1446(b).

8. A copy of this Notice of Removal will be filed with the Supreme Court of the State of New York, County of New York, and will be served on Plaintiff(s)' counsel pursuant to 28 U.S.C. § 1446(d).

9. Pursuant to Rule 81.1(b) of the local civil rules for the Southern District of New York, Defendant will forward a copy of all records and proceedings in the Supreme Court of the State of New York, County of New York within 20 days.

10. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant hereby removes to this Court the action now pending against it in the Supreme Court of the State of New York, County of New York, bearing Index No. 07115694.

Dated: Newark, New Jersey
      March 27, 2008

PATTON BOGGS LLP

By: *James E. Tyrrell, Jr.*
    James E. Tyrrell, Jr. (JT-6837)
    One Riverfront Plaza, 6th floor
    Newark, NJ 07102
    (973) 868-5600
    JTyrrell@PattonBoggs.com

*Attorneys for The City of New York*

TO: Michael A. London, Esq.
    Douglas & London, P.C.
    111 John Street, 14th Floor
    New York, NY 10038

2007-038298

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------X

ANGELA BUCK

        Plaintiffs,

    -against-

THE CITY OF NEW YORK

        Defendant.

----------------------------------------------------------X

Index No.: 07-115694
Date Purchased:

**SUMMONS**

Plaintiffs designate New
York County as the place of
trial.

The basis of venue is:
CPLR 509.

Plaintiffs resides at:
97 Gelston Avenue, Apt. 2
Brooklyn, NY 11209

## To the above named Defendant:

    **You are hereby summoned** to answer the complaint in this action, and
to serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance on the plaintiffs' attorneys within twenty (20) days after the
service of this summons, exclusive of the day of service, where service is made by delivery
upon you personally within the state, or, within thirty (30) days after completion of service
where service is made in any other manner.  In case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      November 23, 2007

                    **DOUGLAS & LONDON, P.C.**
                    *Attorneys for Plaintiff(s)*
                    111 John Street, 14th Floor
                    New York, NY 10038
                    (212) 566-7500

TO:    MICHAEL CARDOZO, ESQ.
       Corporation Counsel, The City of New York
       100 Church Street
       New York, New York 100076

NEW YORK
COUNTY CLERK'S OFFICE

[NOV 2 3 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:

------------------------------------------------------------X   Date Purchased:

ANGELA BUCK,

**VERIFIED COMPLAINT**

Plaintiff,

-against-

THE CITY OF NEW YORK
                                    Defendants.
------------------------------------------------------------X

 

 

Plaintiff, by her attorneys, **DOUGLAS & LONDON, P.C.**, complaining of the Defendants herein, respectfully alleges upon information and belief:

1.      Plaintiff, ANGELA BUCK, was born on March 2, 1968, and is at all times relevant herein a resident of the State of New York, County of Kings.

2.      Upon information and belief, at all relevant times, Defendant THE CITY OF NEW YORK (hereinafter referred to as "the CITY") is and/or was a municipal corporation duly organized and existing under the laws of the State of New York.

3.      Prior hereto on November 23, 2007, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof, was duly served on the Plaintiff's behalf on the CITY.

4.      That a hearing pursuant to General Municipal Law 50-h has not been scheduled as of to date.

5.    That on November 23, 2007, an application by Notice of Motion to permit the plaintiff to file a late Notice of Claim and/or to deem the Notice of Claim filed on November 23, 2007 as timely filed *nunc pro tunc* was made.  That motion is presently pending.

## FACTUAL BACKGROUND

6.    On September 11, 2001 two airplanes hijacked by terrorists were flown into the World Trade Center Towers.  Within hours the buildings collapsed resulting in the deaths of thousands of people.  The City immediately took control of the World Trade Center site and the Lower Manhattan area.  (For purposes of this Complaint, the Lower Manhattan includes the area south of Canal Street down through Battery Park.)

7.    "The combustion of more than 90,000 L of jet fuel released a dense and intensely toxic atmospheric plume containing soot, metals, volatile organic compounds and hydrochloric acid.  The collapse of the towers pulverized cement, glass and building contents and generated thousands of tons of particulate matter composed of cement dust, glass fibers, asbestos, lead, polycyclic aromatic hydrocarbons (PAHs), polychlorinated biphenyls (PCBs), organochlorine pesticides, and polychlorinated furans and dioxins." Health and Environmental Consequences of the World Trade Center Disaster, Environmental Health Perspectives Volume 112, Number 6, May 2004, http://www.ehponline.org/members/2004/6702/6702.html.

8.    As a result of the collapse of the World Trade Center towers, the air circulating in and around the Lower Manhattan area as well as the dust particles that came to settle in the residences and office buildings located in the Lower Manhattan area

2

became contaminated with numerous hazardous substances such as asbestos, lead, benzene, mercury, and other deadly and dangerous toxins.

9.      Upon information and belief, the City of New York started testing the level of hazardous toxins, including asbestos, that were circulating in the air in Lower Manhattan on September 12, 2001, only one day following the collapse of the World Trade Center Towers.   Upon information and belief, the City of New York received the results of these tests within hours of completion which showed that the air in the Lower Manhattan area was dangerous and/or not safe for inhalation and/or other contact.

10.     Upon information and belief, the City of New York hid this information from the public at large, including the Plaintiff and the Lower Manhattan community.

11.     Upon information and belief, the City of New York continued to test the quality of the air and settled dust particles in the Lower Manhattan area for many months following September 11, 2001.   Notwithstanding the unfavorable results that these tests put forward, the City of New York continued to advise Lower Manhattan residents and workers, and the public at large, that the air in and around Lower Manhattan was safe for inhalation and/or other contact.

12.     Upon information and belief, in an effort to reassure the Lower Manhattan residents and workers that the air circulating in the Lower Manhattan area was safe, the City of New York altered the unfavorable results of the aforementioned tests, which clearly showed that the air and settled dust particles in the Lower Manhattan area were contaminated with numerous hazardous toxins.

3

13.    Upon information and belief, the City of New York improperly tested the quality of the air and settled dust particles in the Lower Manhattan area and improperly analyzed the data that it did receive.

14.    The City of New York provided inaccurate information about the true dangers and risks of the quality of the air and settled dust particles in the Lower Manhattan area to the Plaintiffs, the Lower Manhattan Community and the public at large, in an effort to persuade Lower Manhattan residents and workers to return to the Lower Manhattan area.

15.    Plaintiff ANGELA BUCK, relying on the false statements made by the City of New York about the quality of the air and settled dust particles in the Lower Manhattan area, returned to work at 135 Reade Street in the Lower Manhattan area following September 11, 2001.

16.    Plaintiff ANGELA BUCK was exposed to the hazardous toxins that had contaminated the air and settled dust particles in the air Lower Manhattan area.

17.    Plaintiff, ANGELA BUCK, suffered severe and personal injuries as a result of his exposure to the hazardous toxins circulating in the Lower Manhattan area, including a tumor in her aortic valve.

## FIRST CAUSE OF ACTION
### Negligence

18.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

4

19.    The negligence of the Defendants, its agents, servants, and/or employees, included but was not limited to the following acts or omissions:

a.  Negligently failing to adequately and correctly warn the Plaintiffs, the Lower Manhattan Community and/or the public in general of the dangers and serious health and/or safety concerns of the quality of the air and settled dust particles in the Lower Manhattan area following September 11, 2001, and failing to provide adequate instructions regarding safety precautions to be observed by persons who reside and/or work in the Lower Manhattan area;

b.  Negligently representing to the Plaintiffs, the Lower Manhattan Community and/or the public in general, that the air and settled dust particles in the Lower Manhattan area were safe for inhalation and/or other contact, when it was, in fact, unsafe;

c.  Not conducting sufficient testing of the air and settled dust particles in the Lower Manhattan area to determine whether the aforementioned air and settled dust particles were in fact safe for inhalation and/or other contact, in that Defendant knew or should have known that said air and settled dust particles were unsafe and unfit for inhalation and/or other contact;

d.  Misrepresenting the many risks of exposure to the hazardous toxins contaminating the air and settled dust particles in the Lower Manhattan area; in knowing that these toxins could cause serious and grave injury to anyone exposed to such toxins; and

5

   e.   Failing to adequately inform Plaintiffs, the Lower Manhattan Community and/or the public in general of the serious dangers and risks associated with exposure to the air and settled dust particles in the Lower Manhattan area.

20.   As a direct and proximate result of the aforementioned negligence on the part of the Defendant, Plaintiff was caused to sustain severe and grievous personal injuries, as set forth herein, and incurred past and will incur future medical expenses, lost wages (past and future), and all other damages available under the law.

21.   Based upon the foregoing, it is further alleged that Defendant's conduct, actions, and/or inactions amount to and were in fact acts/actions of negligence per se, and Plaintiff sustained injuries and damages as set forth herein as a result of the same by Defendant.

22.   By reason of the foregoing, Plaintiff has been damaged as against Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS (($10,000,000.00) in punitive damages.

## SECOND CAUSE OF ACTION
### Fraudulent Misrepresentation

23.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

24.   The Defendant falsely and fraudulently represented to the Lower Manhattan Community, the Plaintiffs and to the public in general, that the quality of the air and settled dust particles in the Lower Manhattan area to which Plaintiff was exposed was safe

for inhalation and/or other contact.

25.    The representations made by Defendant were, in fact, false.

26.    When said representations were made by Defendant, Defendant knew those representations to be false, and it willfully, wantonly and recklessly disregarded whether the representations were true.

27.    These representations were made by said Defendant with the intent of defrauding and deceiving the Plaintiff, the Lower Manhattan Community, and the public in general, and were made with the intent of inducing the Plaintiff, the Lower Manhattan Community, and the public in general to return to the Lower Manhattan area under a false sense of security, under the belief that the quality of the air and settled dust particles in the Lower Manhattan area to which Plaintiff was exposed was safe for inhalation and/or other contact, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of the Plaintiff.

28.    At the time the aforesaid representations were made by the Defendant and, at the time that the Plaintiff worked in the Lower Manhattan area, the Plaintiff was unaware of the falsity of said representations and reasonably believed them to be true.

29.    In reliance upon said representations, the Plaintiff was induced to and did work in the Lower Manhattan area, thereby sustaining severe and permanent personal injuries, and/or being at an increased risk of to sustain severe and permanent personal injuries in the future.

30.    Said Defendant knew and was aware or should have known that the quality of the air and settled dust particles in the Lower Manhattan area had not been sufficiently

7

tested, and that it was not safe for Lower Manhattan residents and/or workers to return to the Lower Manhattan area.

31.    Defendant knew or should have known that the hazardous toxins contaminating the air and settled dust particles in the Lower Manhattan area would cause severe and grievous injury to persons exposed to such toxins, more specifically the Lower Manhattan residents and/or workers.    Defendant acted fraudulently, wantonly and maliciously to the detriment of the Plaintiff herein.

32.    As a result of the aforementioned fraudulent conduct by Defendant, Plaintiff was caused to sustain severe and grievous personal injuries, as set forth herein, and incurred past and will incur future medical expenses, lost wages (past and future), and all other damages available under the law.

33.    By reason of Defendant's actions as aforementioned, Defendant is liable to Plaintiff.

34.    By reason of the foregoing, Plaintiff has been damaged as against the defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

### THIRD CAUSE OF ACTION
**Fraudulent Concealment**

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

36.    At all times during the course of dealing between Defendant and Plaintiff,

Defendant misrepresented that the air in the Lower Manhattan area was safe to breathe.

37.    Defendant knew or was reckless in not knowing that its representations were false.

38.    In representations to Plaintiff, the Lower Manhattan Community and/or the public in general, Defendant fraudulently concealed and intentionally omitted the following material information:

    a.  The air and settled dust particles in the Lower Manhattan area were safe for inhalation and/or other contact;

    b.  That Defendant was aware of the dangers posed by exposure to the air and settled dust particles in the Lower Manhattan area.

    c.  That the air and settled dust particles in the Lower Manhattan area were contaminated with numerous hazardous toxins;

    d.  That exposure to the hazardous toxins contaminating the aforementioned air and settled dust particles was dangerous and could cause serious and grave injuries to anyone exposed to such toxins;

    e.  That persons exposed to such toxins need to be monitored more regularly than persons not exposed;

    f.  That safety testing of the air and settled dust particles in the Lower Manhattan area clearly demonstrated that the air and settled dust particles in the Lower Manhattan area were contaminated with numerous hazardous toxins, and, thus was unsafe for inhalation and/or other contact;

    g.  That persons should not reside and/or work in the Lower Manhattan area

9

because the air and settled dust particles were contaminated with numerous hazardous substances; and

h.  That persons residing and/or working in the Lower Manhattan area did not need to wear any protective mask and/or other article to protect themselves from exposure and/or other contact with the air and settled dust particles in the Lower Manhattan area.

39.  Defendant was under a duty to disclose to Plaintiff, the Lower Manhattan Community and/or the public in general the dangerous nature of the hazardous toxins contaminating the air and settled dust particles following the collapse of the World Trade Center Towers on September 11, 2001.

40.  Defendant had access to material facts concerning the quality of the air and dust particles in the Lower Manhattan area and the propensity of these hazardous toxins to cause serious and dangerous side effects, and hence, cause damage to persons who were exposed to the hazardous toxins, including the Plaintiff herein.

41.  Defendant's concealment and omissions of material facts concerning, inter alia, the quality of the air and settled dust particles in the Lower Manhattan area, was made purposely, willfully, wantonly, and/or recklessly, to mislead Plaintiff, the Lower Manhattan Community and/or the public in general into believing that they could reside and/or work safely in the Lower Manhattan area.

42.  Defendant knew that Plaintiff, the Lower Manhattan Community, and the public in general had no way to determine the truth behind Defendant's concealment and omissions, and that these included material omissions of facts surrounding the quality of

10

the air and settled dust particles in the Lower Manhattan area.

43.    Plaintiff reasonably relied on Defendant's concealment and/or omissions of fact.

44.    As a result of the aforementioned fraudulent concealment by Defendant, Plaintiff was caused to sustain severe and grievous personal injuries, as set forth herein, and incurred past and will incur future medical expenses, lost wages (past and future), and all other damages available under the law.

45.    By reason of Defendant's actions as aforementioned, Defendant is liable to Plaintiff.

46.    By reason of the foregoing, Plaintiff has been damaged as against the defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.


## FOURTH CAUSE OF ACTION
### Negligent Misrepresentation

47.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

48.    Defendant had a duty to represent to the Plaintiff, the Lower Manhattan Community and/or the public in general that the quality of the air and settled dust particles had been tested and found to be safe.

49.    The representations made by Defendant were, in fact, false.

50.    Defendant failed to exercise ordinary care in the representation of the

11

quality of the air and settled dust particles in the Lower Manhattan area in that Defendant negligently misrepresented that there were not numerous hazardous toxins contaminating the air and settled dust particles in the Lower Manhattan area which placed the public at a high risk of unreasonable, dangerous side effects.

51.    Defendants breached their duty in representing that the air and settled dust particles in the Lower Manhattan area were safe for inhalation and/or other contact and in failing to alert the Plaintiff, the Lower Manhattan Community, the public in general to the dangers and risks that the contaminated air and settled dust particles posed to their health.

52.    Said Defendant knew and was aware or should have known that there were numerous hazardous toxins contaminating the air and settled dust particles in the Lower Manhattan area and that exposure to these toxins would be highly dangerous to persons residing and/or working in the Lower Manhattan area.

53.    As a result of the aforementioned negligent representations by Defendant Plaintiff was caused to sustain severe and grievous personal injuries, as set forth herein, and incurred past and will incur future medical expenses, lost wages (past and future), and all other damages available under the law.

54.    By reason of Defendant's actions as aforementioned, Defendant is liable to Plaintiff.

55.    By reason of the foregoing, Plaintiff has been damaged as against the defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## FIFTH CAUSE OF ACTION
### Fraud and Deceit

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

57.     Defendant conducted tests and investigations regarding the quality of the air and settled dust particles in the Lower Manhattan area following September 11, 2001.

58.     As a result of Defendant's investigations and testing of the air, or lack thereof, Defendant distributed blatantly and intentionally false information, including but not limited to assuring the Plaintiff, the Lower Manhattan Community and/or the public in general that the air was safe to breathe and that residents and workers could return to work.

59.     As a result of Defendant's investigations and testing of the air, or lack thereof, Defendant intentionally omitted certain results of testing to the Plaintiff, the Lower Manhattan Community and/or the public in general

60.     Defendant had a duty when disseminating information to the public to disseminate truthful information and a parallel duty not to deceive the public and the Plaintiff herein, as well as the Lower Manhattan Community.

61.     The information distributed to the Plaintiff, the Lower Manhattan Community and/or the public in general by Defendant contained material representations of fact and/or omissions.

62.     The information distributed to the Plaintiff, the Lower Manhattan

13

Community and/or the public in general by Defendant intentionally included representations that the air and settled dust particles were safe for inhalation and/or other contact, and representations that residents and workers of Lower Manhattan could return to the Lower Manhattan area.

63.     The information distributed to the Plaintiff, the Lower Manhattan Community and/or the public in general by Defendant intentionally included false representations that the air and settled dust particles were not injurious to the health and/or safety of the residents and/or workers of the Lower Manhattan area.

64.     These representations were all false and misleading.

65.     Upon information and belief, Defendant intentionally suppressed, ignored and disregarded test results not favorable to the Defendant, and results that demonstrated that the quality of the air and settled dust particles in the Lower Manhattan area were not safe for contact, and, in fact, contained numerous hazardous substances, all with the potential to cause serious and grave injuries.

66.     Defendant intentionally made material representations to the Plaintiffs, the Lower Manhattan Community and/or the public in general regarding the safety of the air and settled dust particles in the Lower Manhattan area, specifically but not limited to the air not having dangerous and serious health and/or safety concerns.

67.     That it was the purpose of Defendant in making these representations to deceive and defraud the Plaintiff, the Lower Manhattan Community and/or the public in general, to gain the confidence of the Plaintiff, the Lower Manhattan Community and/or the public in general, to falsely ensure the quality and fitness of the air in the Lower

14

Manhattan area and induce the public, including but not limited to the Plaintiff, to return to reside and/or work in the Lower Manhattan area.

68.    Defendant made the aforementioned false claims and false representations with the intent of convincing the Plaintiffs, the Lower Manhattan Community and/or the public in general, that the air in the Lower Manhattan area was a fit and safe place for Lower Manhattan residents and/or workers to return.

69.    That these representations and others made by Defendant were false when made, and/or were made with a pretense of actual knowledge when knowledge did not actually exist, and/or were made recklessly and without regard to the actual facts.

70.    That these representations and others, made by Defendant, were made with the intention of deceiving and defrauding the Plaintiff, the Lower Manhattan Community and/or the public in general, and were made in order to induce the Plaintiff to rely upon misrepresentations, and to cause the Plaintiff to reside and/or work in the Lower Manhattan area.

71.    That Defendant, recklessly and intentionally falsely represented the dangerous and serious health and/or safety concerns of the air and settled dust particles in the Lower Manhattan area to the public at large, the Plaintiff, in particular, for the purpose of influencing the Lower Manhattan residents and/or workers to return to the Lower Manhattan area which Defendant knew to be dangerous and/or not safe to reside and/or work.

72.    That Defendant willfully and intentionally failed to disclose the material facts regarding the dangers and serious safety concerns of the air and settled dust particles

in the Lower Manhattan area by concealing the suppressing material facts regarding the dangerous and serious health and/or safety concerns of the hazardous substances contaminating the air and settled dust particles in the Lower Manhattan area.

73.    That Defendant willfully and intentionally failed to disclose the truth, failed to disclose material facts and made false representations with the purpose and design of deceiving and lulling the Plaintiff, as well as the Lower Manhattan area and the public at large, into a sense of security so that Plaintiff would rely on the representations and return to reside and/or work in the Lower Manhattan area.

74.    Defendant, through their public relations efforts, which included but were not limited to the public statements and press releases, knew or should have known that the public, including the Plaintiff, would rely upon the information being disseminated.

75.    That at the time the representations were made, the Plaintiff and/or the Lower Manhattan community did not know the truth with regard to the dangers and serious health and/or safety concerns of the hazardous toxins circulating in the Lower Manhattan area.

76.    That the Plaintiff did not discover the true facts with respect to the dangerous and serious health and/or safety concerns, and the false representations of Defendant, nor could the Plaintiff with reasonable diligence have discovered the true facts.

77.    That had the Plaintiff known the true facts with respect to the dangerous and serious health and/or safety concerns of the quality of air and settled dust particles in the Lower Manhattan area, Plaintiff would not have returned to the Lower Manhattan area.

16

78.    That the Defendant's aforementioned conduct constitutes fraud and deceit, and was committed and/or perpetrated willfully, wantonly and/or purposefully on the Plaintiff.

79.    As a result of the Defendant's aforementioned conduct, which constitutes fraud and deceit, and was committed and/or perpetrated willfully, wantonly, and/or purposefully on the Plaintiff, the Plaintiff was caused to sustain severe and grievous personal injuries, as set forth herein, and incurred past and will incur future medical expenses, lost wages (past and future), and all other damages available under the law.

80.    By reason of Defendant's actions as aforementioned, Defendant is liable to Plaintiff.

81.    By reason of the foregoing, Plaintiff has been damaged as against the defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANGELA BUCK, demands judgment against the Defendant on each of the above-referenced claims and Causes of Action and as follows:

1.    Awarding compensatory damages to Plaintiff for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the Plaintiff, health care costs, medical monitoring, together with interest and costs as provided by law;

2.    Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendants who demonstrated a complete disregard and reckless

17

indifference for the safety and welfare of the general public and to the Plaintiff in an

amount sufficient to punish Defendants and deter future similar conduct;

3.    Awarding Plaintiff reasonable attorneys fees;

4.    Awarding Plaintiff the costs of these proceedings; and

5.    Such other and further relief as this Court deems just and proper.


Dated:  NEW YORK, NEW YORK
        November 23, 2007

                                        Yours, etc.

                                        MICHAEL A. LONDON, ESQ.
                                        DOUGLAS & LONDON, P.C.
                                        Attorneys for Plaintiff
                                        ANGELA BUCK
                                        111 John Street, 14th Floor
                                        New York, NY 10038
                                        (212) 566-7500

18

## ATTORNEY'S VERIFICATION

**MICHAEL A. LONDON**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DOUGLAS & LONDON, P.C., attorneys of record for Plaintiff, **ANGELA BUCK.** I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorneys for the plaintiff maintain their offices.

DATED:    New York, New York
          November 23, 2007

MICHAEL A. LONDON, ESQ.

19

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANGELA BUCK,

               Plaintiff,

   -against-

THE CITY OF NEW YORK

               Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**Douglas & London, P.C.**
*Attorneys for ANGELA BUCK*
**111 John Street Suite #1400**
**New York, NY   10038**
**(212) 566-7500**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Judge Hellerstein*

ANGELA BUCK,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK,

                                        Defendant.

08 Civ. **CV    3135**

**STATEMENT OF RELATED
CASE PURSUANT TO LOCAL
RULE 1.6(a)**

MAR 27 2008

U.S.D.C. S.D. N.Y.
CASHIERS

Pursuant to 1.6(a) of the of the Local Civil Rules of the Southern District of New York,

Defendant THE CITY OF NEW YORK requests that this case be designated as a related case to

the following civil case now pending before the Hon. Alvin K. Hellerstein in the Southern

District of New York:

> 1)    *In re World Trade Center Lower Manhattan Disaster Site Litigation,*
>        21 MC 102 (AKH)

The cases are related because the above litigation comprises cases concerning injuries

allegedly sustained relating to the rescue, recovery, debris removal, cleanup and/or construction

at the World Trade Center site after the September 11, 2001 terrorist attacks.  The above-

captioned case concerns an injury allegedly sustained when Plaintiff returned to work in Lower

Manhattan after the September 11, 2001 terrorist attacks.

Dated: Newark, New Jersey
      March 27, 2008

PATTON BOGGS LLP

By: _James E. Tyrrell Jr._

James E. Tyrrell, Jr. (JT-6837)
One Riverfront Plaza, 6th floor
Newark, NJ 07102
(973) 868-5600
JTyrrell@PattonBoggs.com

*Attorneys for The City of New York*

TO: Michael A. London, Esq.
     Douglas & London, P.C.
     111 John Street, 14th Floor
     New York, NY 10038